IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONAH SHAWGO as Administrator, on behalf of THE ESTATE OF RICK LEE SHAWGO,<br><br>Plaintiffs,<br><br>vs.<br><br>TIGER PLUMBING, HEATING, AIR CONDITIONING & ELECTRICAL SERVICES, d/b/a TIGER SERVICES, TIGER PLUMBING SERVICES, LLC, TIGER HEATING and AIR CONDITIONING SERVICES, INC., TIGER ELECTRICAL SERVICES, LLC, and ALLY FINANCIAL, INC., d/b/a ALLY LENDING,<br><br>Defendants. | Case No. 25-CV-321-SMY-DGW |

# MEMORANDUM AND ORDER

Plaintiff Jonah Shawgo, Administrator of the Estate of Rick Lee Shawgo, filed this action alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and asserting state law claims against Defendants Tiger Plumbing, Heating, Air Conditioning & Electrical Services, its related entities (collectively, the "Tiger Defendants"), and Ally Financial, Inc.

Now pending before the Court is the Tiger Defendants' motion to dismiss the Complaint[1] (Doc. 15), which Plaintiff does not oppose. For the following reasons, the motion is **GRANTED**.

---

[1] The Court grants Defendant Ally Financial Inc.'s motion to join Tiger Defendants' motion to dismiss (Doc. 18). *United Staes ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 956 (8th Cir. 2017) (Allowing one party to join another party's motion is well within the district court's substantial case management discretion.).

1

**Background**

Plaintiff makes the following relevant allegations in the Complaint: in April 2024, Defendant Tiger Plumbing Service Inc. provided plumbing services to Shawgo, a senior citizen residing in Monroe County, Illinois (Doc. 1, p. 3 ¶16). It misrepresented the cost of those services and charged an artificially inflated price (*Id.*, ¶17). Defendant Tiger Plumbing Service Inc. then steered Shawgo into financing the transaction through Ally Financial Inc., despite knowing the transaction was based on fraudulent representations (*Id.*, ¶18). The Tiger Defendants' conduct is part of a broader scheme targeting elderly consumers in Illinois (*Id.*, p. 4 ¶19).

**Discussion**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court draws all reasonable inferences and facts in favor of the nonmovant. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

Under Rule 9(b), a party pleading fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will

necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

## RICO (Count III)

The RICO statute, 18 U.S.C. § 1962, provides, in pertinent part, "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). "To state a claim under § 1962(c), a RICO plaintiff must show the '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995).

An "enterprise" for RICO purposes means "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The enterprise must be "distinct, separate, and apart from a pattern of racketeering activity: although a pattern of racketeering activity may be the means through which the enterprise interacts with society, it is not itself the enterprise, for an enterprise is defined by what it is, not what it does." *Jennings v. Emry,* 910 F.2d 1434, 1440 (7th Cir. 1990).

Additionally, plaintiffs must establish that each RICO person actively participated or knowingly acquiesced in the alleged scheme or unwittingly permitted legitimate business operations to become a conduit of criminal activity. Bare legal and factual distinctness is insufficient. Rather, a plaintiff must prove the role played by the legally distinct person was non-incidental to bringing about (or concealing) a pattern of racketeering activity. *See Fitzgerald v. Chrysler Corp.,* 116 F.3d 225, 227 (7th Cir. 1997). "The [RICO person] must be shown to use

3

its agents or affiliates in a way that bears at least a family resemblance to the paradigmatic RICO case in which a criminal obtains control of a legitimate (or legitimate-appearing) firm and uses the firm as the instrument of his criminality." *Emery v. American Gen. Fin., Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998).

Here, Plaintiff's allegations that the Tiger Defendants defrauded Shawgo into an overpriced plumbing service and, in coordination with Defendant Ally Financial, induced him to finance the transaction are merely conclusory and fail to meet the pleading requirements under RICO. Plaintiff does not identify which individual made a fraudulent misrepresentation, what the misrepresentation was, or where it occurred. *Lackmund v. ADM Investor Servs, Inc.*, 191 F.3d 777, 784 (7th Cir. 1999) (heightened pleading requirements of Rule 9(b) "apply to allegations of fraud in a civil RICO complaint").

Moreover, Plaintiff's RICO enterprise, consisting of only the named defendants, also fails to state a claim. The statute clearly requires that the RICO "person" be separate and distinct from the RICO "enterprise". Here however, Plaintiff bundles the Tiger entities and Ally Financial Inc. together and does not identify which entity is the "person" and which is the "enterprise". See, *Fitzgerald,* 116 F.3d at 226 (citations omitted); *Richmond*, 52 F.3d at 645–46 (Complaint which omits any substantive description of the relevant RICO enterprise that would elucidate the relationship between the enterprise and the non-defendant entities is subject to dismissal). See also, *Williams v. Ford Motor Co.*, 11 F. Supp. 2d 983, 986 (N.D. Ill. 1998). As such, Plaintiffs' RICO claim will be dismissed.

<u>State Law Claims</u>

Plaintiff also asserts claims under Illinois law for consumer fraud, fraud in the inducement, Illinois RICO, and elder financial exploitation. When federal claims are dismissed

4

before trial, courts generally decline supplemental jurisdiction over state law claims. *Carr v. CIGNA Sec., Inc.,* 95 F.3d 544, 546–47 (7th Cir.1996). Retaining jurisdiction requires specific findings on "judicial economy, convenience, fairness and comity." *Wright v. Associated Ins. Co., Inc.,* 29 F.3d 1244, 1252 (7th Cir.1994). No such factors support retention in this case.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Doc. 15) is **GRANTED** as to all defendants, including Ally Financial Inc.

**IT IS SO ORDERED.**

**DATED: February 2, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**